I must respectfully dissent from the decision reached by the majority in this case.
While the majority cites to State v. Drogi (1994), 96 Ohio App.3d 466, and attempts to distinguish the facts present in the case at bar, I would find that this matter is analogous to Drogi, wherein this court stated that the police officer did not have the requisite reasonable, articulable suspicion necessary to justify the stop of the vehicle in question.
In the case at bar, Deputy Richards could not point to any specific, objective fact during his sustained, close observation of appellant at the service station, which could reasonably have led one to conclude that appellant was under the influence of alcohol. Deputy Richards could only articulate that it appeared to him as though appellant was acting "peculiar" and "suspicious." He did not elaborate further with any objective findings. Thereafter, upon following appellant, Deputy Richards testified that appellant's dual axle, double rear-wheeled pickup truck crossed the right edge line two times within a distance of approximately one mile. However, Deputy Richards was unable to quantify the exact distance which appellant traveled over the right edge line and was only able to articulate that appellant on the second occasion, appellant came "pretty close" to hitting some mailboxes. Deputy Richards further indicated that on both occasions, appellant completed his transgression across the right edge line, back to his proper lane of travel, in a smooth, rather than "jerky" manner. Such testimony was not sufficiently specific to satisfy appellee's burden of proof.
When viewing the investigatory stop in the case sub judice in light of the totality of the circumstances, it is clear that the evidence presented fails to support the trial court's determination that Deputy Richards was justified in making the stop of appellant's vehicle.
Appellant was driving a wide, dual axle pickup truck on a relatively narrow, rolling country road at night, with little or no other traffic. In accordance with Drogi and its progeny, appellant's actions constituted only minor, insubstantial drifts across the right edge line on two occasions, with no other traffic violations or signs of erratic driving. Likewise, as in Drogi, supra, no other motor vehicles on the roadway were endangered in the case at bar. Furthermore, the testimony presented by Deputy Richards to the effect that appellant was acting "peculiar" and "suspicious" upon his first contact with him at the service station, was simply insufficient to provide Deputy Richards with a particularized and objective basis for suspecting appellant of any criminal activity.
Given the foregoing, Deputy Richards did not have the reasonable, specific and articulable suspicion necessary to justify a stop of appellant's vehicle and therefore, did not have the requisite probable cause to arrest appellant. Thus, I would find that the trial court erred in overruling appellant's motion to suppress as such decision was not supported by competent, credible evidence. I would find appellant's sole assignment of error to be with merit and would thereby reverse the judgment rendered by the trial court.